## JANUARY TERM, 1864. 687

State ex rel. Van Vliet vs. Wilson et al.

---

STATE ex rel. VAN VLIET VS. WILSON and others, Supervisors.

Where, through the mistake of the justice who makes out a list of persons to act as appraisers of damages sustained by the laying out of a road (sec. 63, chap. 19, R. S.), persons who are not freeholders are summoned to make the appraisal, such mistake does not render the award void.

The parties interested having had due notice of the time and place of striking the jury, and having failed to be present and object *at that time* to persons named in the justice's list on the ground that they were not freeholders, must be held to have waived the objection.

Although *mandamus* will not generally lie where the party has another remedy, yet corporations and ministerial officers may be compelled by *mandamus* to exercise their functions according to law, though liable to an action for neglect of duty.

Under chap. 286, Laws of 1861, a party injured by the laying out of a road may have an action against the town for the amount awarded him by a jury duly appointed for that purpose; yet the court will compel the supervisors, by *mandamus*, to audit his account for the damages so awarded, and to take steps for collecting the same.

MANDAMUS. This was an application for a *mandamus* to compel the supervisors of the town of Farmington in Jefferson county to audit the relator's account against the town for damages done to his land in said town by the laying out of a road thereon, and to levy and collect the amount. The relation states that the relator, on the 19th of March, 1860, was owner of the south half of the north-west quarter of section 18 in said town; that Wm. W. Woodman and Michael Seitz were two of the supervisors of said town on that day; that application had been made to said supervisors by six freeholders of the town to lay out a highway through said land; that notice of such application was given according to law; and that on said 19th of March said supervisors met pursuant to such notice, and laid out a highway " described in the order of said supervisors, which order is in the words and figures following." The order is then set out at length. It describes the highway as " commencing 73 rods east of the west line " of said section 18, " thence south 59 1-4 chains to the N. E. corner of the N. W. 1-4 of N. W. 1-4 of sec. 19 of said town," &c. The relation further states that said supervisors awarded the relator $50 for damages done his land by said highway ; that " within thirty days " he took an appeal, and applied to Charles J. Bell, a justice of the peace of an adjoining town, for a jury to appraise his damages ; that such application was in writing describing the premises, and that a notice in writing was served on said supervisors six days before the time fixed for making such application, specifying therein the time and place of the application ; that the relator, *on the* 19*th of April*, filed with said justice the bond required by the statute in such cases, which was approved &c. ; that thereupon "said justice made a list of fifteen disinterested freeholders of his town, *as affiant supposed and was informed*, and who were not of kin to the affiant" &c.; that Wm. W. Woodman, chairman of the board of supervisors of said town of Farmington, was present to object and strike from the said list for said town, and did

then and there strike off five of the persons named in the list, and the relator struck off five others; that no objections were made at that time to the competency of any of the persons on the list; that after the jury were struck, and no objection taken to those so selected, said justice issued a precept to a deputy sheriff of said county, who was not interested or of kin to any of the persons through whose lands such road was laid, directing him to summon the five persons so selected, &c., &c. After further averments, not necessary to be stated here, the relation states that said jury appraised the relator's damages at $167; and that said highway has been opened through his said premises, and still continues to be open and used as a public highway. The relation then states the amount of costs made on said appeal from the award of the town supervisors, and alleges that "the town board of the town of Farmington have refused to audit and allow the amount assessed and awarded to the relator and the amount of costs aforesaid, and they refuse to audit the same and have the said amounts allowed and levied and collected in the same manner as other town charges are, or in any manner whatever, though often requested so to do."

Upon affidavits stating the foregoing facts, an order was obtained directing the respondents to show cause why a peremptory *mandamus* should not issue; whereupon they filed affidavits stating that certain of the jurors by whom said assessment of damages was made, were not, at the time, freeholders in the town in which said jury was summoned, nor in the county of Jefferson; that the highway described in the relation was not ordered to be opened until October, 1861, and was not opened in fact until November of that year; that the relator's claim was not by law payable until that time (R. S., ch. 19, sec. 66); and that at that time he had an adequate remedy at law against the town, under sec. 1, chap. 286, Laws of 1861. Other matters stated in the affidavits filed by the respective parties, will appear from the opinion of the court

*S. U. Pinney* and *G. T. Thorn*, for relator.

*M. B. Williams*, for respondent:

1. The relator is not entitled to the writ upon the case made by the relation. The relation must state facts and not conclusions; must state those facts affirmatively and with precision; must state them from the relator's own knowledge, and not upon information and belief; and must state *all* the facts that are necessary to establish a clear right to the writ. 1 Johns. Cas., 131; 2 id. (2d ed.), 217, note 62; 3 Term, 585; 5 id., 466–9; *State ex rel. Carpenter vs. Hastings*, 10 Wis., 518; *State ex rel. Spaulding*, 11 id., 17; *State ex rel. Brown vs. Slavin*, 11 id., 153. The following facts were necessary to make out the relator's case, and are not stated in the relation: (1). That a highway was laid out by the supervisors of the town of Farmington *through the relator's land.* (2). That the relator applied for a jury within thirty days after the filing of the award; and this must be shown by stating the exact facts and dates, and not by general statements or conclusions. R. S., ch. 19, sec. 61. The relation shows that the road was laid out March 19th, and application for a jury was made April 19th—*thirty-one* days after. (3). That the men whose names were placed upon the list for jurors were freeholders. R. S., ch. 19, sec. 63. The relator states merely that he was informed and believed that they were freeholders. (4). That the jury was summoned by a constable of the town. Sec. 63. The relator admits that the jury was summoned by a deputy sheriff. (5). That the amount of the appraisal by the jury, costs &c., was laid before the town board to be audited. Sec. 66. 2. Some of the jurors in this case not having been freeholders, all proceedings taken by them were illegal and void. The statute must be strictly complied with. *Williams vs. Holmes*, 2 Wis., 129; *Austin vs. Allen*, 6 id., 134. The respondent did not waive this qualification by striking the jury. It is not an informality or irregularity that can be thus waived. It is matter of substance, and can only be waived (if at all) by express consent with a full knowledge of the facts. The respondents'

proofs show that the objection was made at the first opportu·nity after the fact came to the knowledge of the board; that it was insisted on both before the jury were sworn and before they made the appraisal.    In fact, persons not freeholders could not be jurors; they could not make a valid appraisal that would legally charge the town, any more than the asses-sors of the town could establish a legal highway merely be-cause the parties interested were present and assented thereto.
3. The relator, at the time these proceedings were instituted, and even at the time his pretended claim became payable, had an adequate remedy by an action at law.    R. S., ch. 19, sec. 66; Laws of 1861, ch. 286, sec. 1.    The court will not interfere by *mandamus* under the present circumstances.    Crary's Prac., Special Proceedings, pp. 272–3;  *People vs. Supervisors Chenan-go Co.*, 1 Kern., 573–4;  2 Johns. Cas. (2d ed.), 217, note 11.

*By the Court*, COLE, J.  The first objection taken, that the relator does not in his relation state with sufficient distinctness and precision the facts establishing his right to a peremptory writ, we deem untenable.    The relation is lengthy, and we shall not attempt to give a summary of its various allegations. It is sufficient to say that we consider them sufficient in form and substance.

Another ground relied on by the respondents to show that a peremptory writ should not be accorded to compel them to proceed and audit the amount of damages allowed the relator in consequence of laying out the highway over his land is, that it appears that the commissioners who assessed those dam-ages were not all freeholders of the town of Aztalan, and therefore that their award was null and void.    The statute provides that if any owner of lands through which a highway shall be laid out by the supervisors, is not satisfied with the sum awarded for damages by such supervisors, he may, within thirty days after the filing of the award, apply to a justice of the peace of an adjoining town for a jury to assess and ap-

praise the damages. Sec. 61, chap. 19, R. S. He is required
to serve upon two of the supervisors, at least six days before
the time fixed for making application for such jury, a notice
in writing specifying therein the name of the justice to whom,
and the time and place when and where such application will be
made. Id. He is likewise required to file a bond conditioned
as provided in section 72. It is made the duty of the justice,
upon the filing of the bond, to make a list of fifteen disinter-
ested freeholders of his town, not of kin to the owner of the
lands; and each party may object to five on such list. In the
event that none of the supervisors are present, the justice is
required to strike off five names for the supervisors, and issue
his precept to a constable directing him to summon the five
persons not objected to, to meet at a time and place specified
and appraise the damages sustained by the laying out of the
highway. Sec. 63. Thus it will be seen that notice in writ-
ing is required to be given the supervisors of the time and
place of striking the jury or commissioners, and they certainly
had in this case ample opportunity to be present and see that
the persons selected to appraise the damages had all the quali-
fications required by statute. But suppose the supervisors, as
they did here, neglect or fail to attend at the striking of the
jury, and, by inadvertence or mistake of the justice in prepar-
ing the list of names, persons are summoned to appraise the
damages who are not freeholders. What is the consequence?
Does such error or mistake vitiate the whole proceeding, and
render the award null and void? It seems to us not. Of
course, it is the clear duty of the justice to exercise care and
caution in making out the list, and endeavor in all cases to se-
lect only such persons as possess the proper statutory qualifi-
cations. Yet we know that the justice is liable to fall into a
mistake upon this point from the nature of the duty to be per-
formed. After the exercise of all reasonable care and dili-
gence, he may place upon the list persons who are not free-
holders. This is perhaps unavoidable. What is the result?

JANUARY TERM, 1864.          693

State ex rel. Van Vliet vs. Wilson et al.

Must the whole proceedings go for naught, and the award be declared void ?    As already observed, the parties had notice of the time and place of striking this jury, and ample opportunity to be present when the selection was made.    They could then have made their objections to persons on the list, and the justice would have had an undoubted right to correct any mistake he might have made.    But no authority is given him to do so after the jury is selected.    And this, with other considerations, has led us to the conclusion that the supervisors should have made their objections to the competency of the persons selected at the time the jury was struck, and, not having done so, must now be deemed to have waived them altogether.    It appears to us that there is no hardship in this rule, and that any other would frequently work great injustice.

In this case there is considerable conflict of testimony as to when the objection was first taken, that certain persons on the jury were not freeholders and were therefore disqualified to act. Some of the witnesses have stated, in their affidavits, that it was after the jury was summoned but before they were sworn ; while an equal number as positively swear that no objection was made until the jury had been sworn and proceeded to view the premises.    It is not necessary for us to weigh these conflicting statements, and indicate which, on the whole, we regard as the more probable and correct, since they all agree that no objection was taken to the persons on the jury when it was struck, which was the time when it should have been made. The counsel for the respondents contended that the question here involved is analogous in principle to the case where a petition is presented to the supervisors for laying out a highway. In such a case this court has decided that the petition must be signed by the requisite number of freeholders, to give the supervisors jurisdiction.    But we think a distinction exists between this case, where the jury are selected merely to appraise damages which result from the laying out of a highway, and one where a petition is presented which constitutes the founda-

tion of a proceeding to divest an owner of his estate. In the latter case the owner may well insist upon a strict compliance with the statute by the public authorities, in order to divest him of the use and enjoyment of his property. But after the land has been taken, and it becomes a question of damages, the matter is entirely different. Each party can then appear before the justice, and see that the persons selected to determine that question possess the statutory qualifications. And if they do not appear, and the justice, by mistake, selects a person not a freeholder of his town, this fact alone ought not to render the award null and void.

A still further objection to granting the peremptory writ is, that the relator has a perfect right of action against the town of Farmington on the award, especially since the passage of chapter 286, Laws of 1861. This statute gives a party the right to bring his action against a town for the amount of damages awarded him upon laying out a highway, when the town board neglects or refuses to audit the claim. But notwithstanding this law, we think a peremptory writ should be awarded, to compel the town board to proceed and audit the amount allowed the relator by the jury or commissioners, and to take the proper steps to have the same collected. This is a clear legal duty, which the statute imposes upon them, and they offer no good reason why they should not perform it. In *Mc-Cullough vs. The Mayor of Brooklyn*, 23 Wend., 458, it was said by Judge BRONSON that "although, as a general rule, a *mandamus* will not lie when the party has another remedy, it is not universally true in relation to corporations and ministerial officers. Notwithstanding they may be liable to an action on the case for a neglect of duty, they may be compelled by *mandamus* to exercise their functions according to law." See *The People vs. Mead*, 24 N. Y., 114; *Regina vs. Southampton*, 101 E. C. L., 4, and authorities there cited. Besides, if the relator should bring his action against the town and recover judgment,

he would then probably have to proceed by *mandumus* to compel the town authorities to levy a tax to pay it.

For these reasons we think the peremptory writ should be awarded.