### STATE VS. GUMBER.

REPEAL OF STATUTE. (1, 3) *Creating offense. Abates pending prosecution, unless there is saving clause.* (2, 4) *Statute, repealed and reenacted by same act, remains in uninterrupted operation.*

CRIMINAL LAW. (5) *Under complaint charging one offense, conviction cannot be had of another.*

1. It is a general rule, that where a statute creating an offense (whether felony or misdemeanor) is repealed without any saving clause, no judgment can thereafter be rendered for a violation of it.

2. But where the statute repealed is reenacted in the same words by an act which takes effect at the same time as the repealing act, it is continued in uninterrupted operation; and judgment may be rendered upon a conviction under it, though the offense was committed, and the prosecution commenced, before the repeal.

3. Ch. 127, Laws of 1872 (the Graham Law), was repealed by ch. 179 of 1874, and no judgment could be rendered after the latter act took effect, upon a conviction for any offense created by any provision of the former act not reenacted by the latter.

4. Section 3 of the act of 1872 declared all places of public resort, such as saloons, etc., where intoxicating liquors were sold in violation of law, common nuisances, and provided that they should be shut up and abated as such on conviction of the keeper thereof. This section was in terms reenacted as section 19 of the act of 1874, except that the words at the close of the section, " who shall be punished as hereinafter provided." (referring to a provision for punishment in section 7 of the act of 1872), were omitted from said section 19. Defendant was prosecuted under section 3 of the act of 1872, and was tried and found guilty after the act of 1874 took effect. *Held*, that the trial court may adjudge that defendant's saloon be abated as a common nuisance, and that it be shut up and no intoxicating liquor sold therein, and may impose upon defendant the costs of the prosecution (sec. 30, ch. 121, R. S.), but cannot impose the penalty of fine

or imprisonment, provided by the act of 1872, but not reenacted in the later act.

5. Under a complaint which merely charges defendant with keeping " a saloon as a place of public resort, where intoxicating liquors were sold in violation of law," he cannot. be convicted of "selling liquors without license," under section 1 of the act of 1872, or section 5 of the act of 1874.

REPORTED from the Circuit Court for *Walworth* County.

The complaint charged that *Frederick Gumber* " did on or about the 11th day of September, 1873, at etc., keep a saloon in (describing the building and premises) in the village of Brodhead, and that said saloon then and there was a place of public resort, where intoxicating liquors were then and there sold by *Gumber* in violation of law, and without having first obtained a license therefor, against, etc." The case is fully stated in the opinion. The several sections of the statutes construed by this decision are as follows: Sec. 3 ch. 127, Laws 1872. " All places where intoxicating liquors are sold in violation of law shall be taken, held and declared to be common nuisances; and all rooms, taverns, bazaars, saloons, restaurants, groceries, drug stores, coffee houses, cellars and other places of public resort, where intoxicating liquors are sold in violation of law, shall be shut up and abated as public nuisances upon conviction of the keeper thereof, who shall be punished as hereinafter provided." Section 19, ch. 179, Laws 1874, is a reenactment of the above quoted section omitting the clause " who shall be punished as hereinafter provided." Section 1, ch. 127, Laws 1872, read as follows: " It shall be unlawful for any person or persons by agent or otherwise, without having first obtained license therefor as now required by law, to sell in any quantity, intoxicating liquors: *provided* (the proviso related to the giving of a bond conditioned for the payment of damages, etc.). Section 7, ch. 127, is given in the opinion. Section 22 of ch. 179, Laws 1874, expressly repeals ch. 127, Laws 1872, without any saving clause.

The *Attorney General*, for the state, argued that sections 1

and 3 of the "Graham law" were substantially reenacted in the act of 1874. Where, in revision or repeal, a provision of the former statute is retained, or reenacted, the former statute remains in uninterrupted operation. *Fullerton v. Spring*, 3 Wis., 667. A mere change in phraseology or in the punishment ought not to be held to abate the prosecution, when the former law is retained in substance. It is now as much an offense to keep such a place for the sale of liquors as it was under the act of 1872. The house may be abated upon the conviction of the keeper, and he may be punished under sec. 15, ch. 172, R. S., which prescribes the punishment for all misdemeanors not elsewhere fixed by law. The offense being retained, the statute saves the action, R. S. ch. 119, sec. 33, and the case can proceed. The punishment can be inflicted under existing laws, ·if there is doubt about the power to impose the penalty of the act of 1872.

*H. F. Smith*, for defendant, contended: 1. That the act of 1872 having been repealed without saving clause, no punishment can be inflicted under it. Smith's Comm., 892 ; *Commonwealth v. Marshall*, 11 Pick., 350 ; *State v. Ingersoll*, 17 Wis., 631 ; *Goodno v. Oshkosh*, 31 id., 127 ; *Sydnor v. Palmer*, 32 id., 406 ; *Beebe v. O'Brien*, 10 id., 481 ; *Power v. Catlin*, id., 26. 2. The effect of the repeal cannot be changed by R. S., ch. 119, sec. 33. One legislature cannot bind a future one to a particular mode of repeal. *Kellogg v. Oshkosh*, 14 Wis., 623. 3. The act of 1874, by omitting the clause from sec. 3 of the act of 1872 providing for punishment of the keeper on conviction, manifested an intention that no punishment should be inflicted. 4. No judgment can be rendered under the act of 1874, as it cannot act *ex post facto*. 5. The defendant cannot be punished for selling liquor without a license, as that is not the offense with which he is charged and of which he is convicted.

CoLE, J. On the 24th day of October, 1873, the defendant was tried and convicted before a justice of the peace upon the

charge of keeping a saloon in the village of Brodhead, where intoxicating liquors were sold in violation of law. Upon such conviction he was fined $50 and costs of prosecution, and was adjudged to be imprisoned in the county jail for twenty days. The saloon was also adjudged a nuisance, and ordered to be shut up and abated, under the provisions of ch. 127, Laws of 1872. An appeal was taken, which, by a change of venue, was tried in Walworth county on the 23d day of September, 1874, when a verdict of guilty was rendered and recorded; but the sentence was suspended for the opinion of this court upon the following questions, certified and reported by the circuit judge:

First. Upon the verdict of the jury and the adjudication thereon, can any punishment be lawfully imposed on the defendant?

Second. Since the passage and publication of ch. 179, Laws of 1874, can any conviction be had under sec. 3, ch. 127, Laws of 1872, and a punishment inflicted in accordance with that part of sec. 7 of the same which provides for the punishment of the offense mentioned in sec. 3 of said act?

Third. Does not the complaint contain sufficient to lawfully charge an offense under sec. 1, ch. 127, Laws of 1872; and can the defendant, since the passage of ch. 179, Laws of 1874, be convicted under the complaint of the offense mentioned in sec. 1, ch. 127, and punished therefor in accordance with sec. 5, ch. 179, or in accordance with the provisions of the first part of sec. 7, ch. 127?

In considering the first question submitted by the circuit judge, it will be necessary to inquire what effect the passage of ch. 179 must have on the pending prosecution. The counsel for the defendant insists that the act of 1872 has been expressly repealed, without any saving clause, by sec. 22 of that statute, and that consequently no punishment can be imposed on the defendant, and that no judgment can now be given. He relies upon the general rule, that the repeal of a law creating

an offense, whether it be a felony or misdemeanor, sweeps away all penalties under it, unless the repealing clause makes it operate prospectively. The rule is doubtless well settled, and has been recognized by this court in the cases referred to on the brief of counsel. In the case of *State v. Ingersoll*, 17 Wis., 631, the principle was distinctly acted upon. The reason is obvious, that the offense consists in violating a statute, and there can be no judgment unless the law is in force when the prosecution is instituted and when the judgment is to be given. " The end of punishment," says Mr. Justice WASHINGTON, in the anonymous case reported in 1 Wash. C. C. R., 84–89, " is not only to correct the offender, but to deter others from committing like offenses. But if the legislature has ceased to consider the act in the light of an offense, those purposes are no longer to be answered, and punishment is then unnecessary." If, then, the learned counsel for the defendant is correct in the position that the law of 1872 has been totally repealed, it would doubtless follow that no punishment could be lawfully imposed upon the defendant. But we think he is mistaken in assuming that all the provisions of that law have been repealed. On the contrary, it clearly appears that sec. 3 of the law of 1872 was in terms reenacted as sec. 19 of the law of 1874, with the exception of the words at the close of the section, " who shall be punished as hereinafter provided." But the omission of those words in sec. 19 does not really affect the substantive matter of the section, which makes and declares all places of public resort, such as saloons, etc., where intoxicating liquors are sold in violation of law, a common nuisance, and provides that they shall be shut up and abated as such, upon the conviction of the keeper thereof. Under the complaint, the defendant has been convicted of keeping a saloon or place of public resort where intoxicating liquors were sold in violation of law ; and this makes the saloon a public nuisance, liable to be abated. There is no change in the law in that respect. Such a place is still made and declared to be

a public nuisance ; and there has not been a moment since the commission of the act of which the defendant has been convicted, when that character was not stamped upon it as a consequence of the act done.  For "the effect of the repeal of a statute and its reenactment in the same words by a statute which takes effect at the same time with the repealing act, is to continue such statute in uninterrupted operation."  *Laude v. The C. & N. W. R'y Co.*, 33 Wis., 640; *Fullerton v. Spring*, 3 id., 667; *Hurley v. Town of Texas*, 20 id., 634.  And we cannot perceive that it makes any difference whether the statute be a civil or penal one ; for it is wholly a question of legislative intent, which is as manifest and clear in the one case as in the other.  That intent is, to make no change in the existing law by its repeal and reenactment in the same statute. Now, as the provision declaring that a saloon where intoxicating liquors are sold in violation of law is a nuisance, has been in continual operation since the act complained of was committed by the defendant, and is still subsisting, we approach the question whether, upon the verdict of the jury and the adjudication thereon, any punishment can be lawfully imposed, and, if so, what punishment.  The saloon, being declared a public nuisance, may be shut up or abated like any other public nuisance.  And the court may, upon the verdict and conviction, adjudge that the nuisance be abated, or that the saloon be shut up and no intoxicating liquors shall be sold there.  In addition, the court may likewise impose the costs of prosecution against the defendant (see sec. 30, ch. 121, R. S.); but no fine can be adjudged, because the provision in the law of 1872, providing for the imposition of a fine, has not been reenacted. The only penalty prescribed by the law of 1874 for the offense, is the abatement of the nuisance; and this explains why the concluding words of sec. 3, before referred to, were omitted in sec. 19.  This we deem a sufficient answer to the first question submitted for our decision.

In considering the second question reported, it is obvious that

we have already in part answered it. We have said that since the enactment of ch. 179, a conviction might be sustained under sec. 3, ch. 127, because the provision in the latter section which declares that a saloon where intoxicating liquors are sold in violation of law is a public nuisance, is embodied in the former, or rather in fact in sec. 19. To that extent, then, the law is unchanged. But the question involves a still further inquiry, namely, whether, if a conviction is had, a punishment can be inflicted in accordance with the clause of sec. 7, ch. 127, which provides for the punishment of the offense mentioned in sec. 3 of said act. We have indicated the answer to that question ; but our reasons have not been distinctly stated.

Sec. 7, ch. 127, prescribes certain penalties for a violation of the provisions of the act. It contains this clause : "For every violation of the provisions of the third section of this act, every person convicted as the keeper of any of the places therein declared to be nuisances, shall forfeit and pay a fine of not less than fifty nor more than one hundred dollars, and be imprisoned in the jail of the county for not less than twenty nor more than fifty days, and pay the costs of the prosecution ; and such place or places so kept by such person " shall be abated upon the order of the court before whom the conviction is had, until, etc. This provision authorizing the court to impose the penalty of fine and imprisonment was not reenacted, but was repealed by the law of 1874. A lower penalty is imposed or authorized by the last statute for the offense of keeping a saloon where intoxicating liquors are sold in violation of law. The place is only held and declared to be a common nuisance, and is liable to be abated on the conviction of the keeper thereof. In other words, the punishment for the offense has been mitigated by the later statute. No fine and no imprisonment can now be imposed, where the proceeding is under sec. 3, ch. 127, or sec. 19, ch. 179. It follows from this view, that the defendant is only subject to the punishment which is prescribed and authorized by the law of 1874. That is, the nuisance may be

abated, and costs of prosecution may be imposed, under the power of the court, as an incident of the conviction. But the punishment prescribed by sec. 7 of the law of 1872 cannot be inflicted because that provision is no longer in force. This is our answer to the second question.

We give a negative answer to the third. The complaint is plainly and obviously under sec. 3, for keeping a saloon as a place of public resort where intoxicating liquors were sold in violation of law. That is the distinct offense charged. It does not charge, nor does it profess to charge, an offense under sec. 1, ch. 127, or sec. 5, ch. 179, for selling liquors without a license. That is a different offense from the one mentioned in sec. 3 of the former and sec. 19 of the latter statute. They are essentially different offenses, and are subject to different punishments, under both statutes. The allegation in the complaint that the defendant's saloon was a place where intoxicating liquors were sold in violation of law, was plainly not inserted for the purpose of charging a sale without license, but merely intended to state a fact constituting an element in the offense of keeping a public nuisance. For these reasons we hold the complaint insufficient under sec. 1, ch. 127 ; and this substantially answers the whole third question in the negative.

The case must be certified to the circuit court with these answers to the questions reported, and with the direction that that court proceed and render judgment in accordance with our decision.

*By the Court.*—It is so ordered.