THOM, Appellant, vs. SENSENBRENNER and others, Respondents.

*March 6—April 11, 1933.*

For the appellant there was a brief by *Benton, Bosser & Tuttrup* of Appleton, attorneys, and *Harold M. Wilkie* of Madison of counsel, and oral argument by *Mr. Roger R. Tuttrup, Mr. Wilkie,* and *Mr. Homer H. Benton.*

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles* and *C. B. Quarles* of counsel, all of Milwaukee, and oral argument by *J. V. Quarles.*

FRITZ, J.   This action was commenced, in 1932, as an action at law to recover damages for deceit, by which plaintiff was induced to sell certain shares of corporate stock on March 22, 1924.   Defendants demurred to the complaint on the ground that "the action was not commenced within the time limited by law, as provided by sec. 4222, Wis. Stats. of 1923."   The court sustained that demurrer and plaintiff appealed.   It appears upon the face of the complaint that the fraud charged was committed on or prior to March 22, 1924.   Plaintiff's cause of action to recover damages for that deceit accrued on that date.   As under the provisions of secs. 4219 and 4222, Stats. 1923, an action at law to recover such damages had to be commenced within six years after the cause of action has accrued, plaintiff's cause of action, under the law in effect at the time of its accrual, became barred on March 23, 1930.   In 1923, as well as prior thereto and thereafter, until 1929, there was an exception by virtue of sub. (7) of sec. 4222, Stats. 1923, in relation to "an action for relief on the ground of fraud in a case which was, on and before the twenty-eighth day of February, A. D. one thousand eight hundred and fifty-seven, cognizable solely by the court of chancery."   As to the cause of action in such a case, that subdivision of the statute provided that it "in such case is not deemed to have accrued until the discovery, by the ag-

grieved party, of the facts constituting the fraud." Under those provisions it was held that that provision in sub. (7), deferring the time of the accrual of certain causes of action, "was available only to plaintiffs whose remedies were exclusively equitable and that such section of the statutes had no application to cases where the plaintiffs enjoyed alternative remedies at law and in equity. *Sander v. Newman,* 174 Wis. 321, 181 N. W. 822; *Blake v. Miller,* 178 Wis. 228, 189 N. W. 472; *Pietsch v. Wegwart,* 178 Wis. 498, 190 N. W. 616." In view of those decisions, sub. (7) of sec. 4222 did not operate to postpone the time of the accrual of plaintiff's cause of action for deceit.

However, plaintiff contends that, although her cause of action had fully accrued on March 22, 1924, and would have become barred upon the expiration of six years from that date, it is not to be deemed to have accrued in view of the amendment of sub. (7) of sec. 4222, Stats., by ch. 24, Laws of 1929, until the facts constituting the fraud were discovered by her, which did not occur, according to the allegations in her complaint, until shortly before she commenced this action in 1932. Ch. 24, Laws of 1929, amended sub. (7) (which in the renumbering of the statutes in 1925 became sub. (7) of sec. 330.19, Stats. 1925, instead of sub. (7) of sec. 4222) by omitting from that subdivision, after the words "an action for relief on the ground of fraud," the words "in a case which was, on and before the twenty-eighth day of February, A. D. one thousand eight hundred and fifty-seven, cognizable solely by the court of chancery." The result of thus omitting from that sentence in sub. (7) the words, which theretofore restricted the class of actions for fraud, that are not deemed to have accrued until the discovery of the facts constituting the fraud, to those which were formerly cognizable solely in a court of chancery, was to extend the application of sub. (7) to all actions—whether at law or in equity—for relief on the ground of fraud.

Since that enactment and by virtue thereof, actions at law, as well as in equity, for relief on the ground of fraud, which had not theretofore accrued, as well as causes of action, which formerly were cognizable solely in courts of equity, are not deemed to have accrued until the discovery of the fraud. Manifestly, the legal consequence of omitting those restrictive words from sub. (7), in amending that provision by ch. 24, Laws of 1929, was the enlargement of the time for the commencement of all actions to recover on causes of action for relief on the ground of fraud from six years after the commission of the fraud to six years after the discovery of the fraud; and because of that legal consequence, the amendment by ch. 24, Laws of 1929, was in its legal effect a repeal of those restrictive words, which were formerly in that sub. (7). The fact that the word "repeal" is not used in ch. 24, Laws of 1929, or that there is no express mention of any repeal in that enactment, is immaterial. The use of the word "repeal" in a new enactment is not at all necessary to accomplish the repeal of an existing statutory provision. As was said in *Madison v. Southern Wis. R. Co.* 156 Wis. 352, 360, 146 N. W. 492:

"A subsequent statute, evidently intended as a substitute for one revised, operates as a repeal of the latter without any express words to that effect, and so any distinct provision of the old law not incorporated into the latter one is to be deemed to have been intentionally annulled. Smith, Stat. & Const. Law, § 784; *Bartlet v. King,* 12 Mass. 537."

See, also, *State ex rel. Board of Regents v. Donald,* 163 Wis. 145, 147, 157 N. W. 782.

Plaintiff's cause of action for deceit had actually accrued in 1924. That existing status of an accrued cause of action, under the law as it was until 1929, excluded all occasion for thereafter deeming that accrued cause of action as not accrued. There is no express provision in ch. 24, Laws of 1929, because of which that enactment can be said to relate to causes of action which had actually accrued, under the law

as it was before that enactment, or which provide that causes of action, which had theretofore accrued, shall be deemed to reaccrue after that enactment in 1929. After the enactment of ch. 24, Laws of 1929, as well as theretofore, it was the law that all actions—whether at law or in equity—to recover on such causes of action had to be commenced within six years after the cause of action accrued. Secs. 4219, 4222, Stats. 1923, secs. 330.15, 330.19, Stats. (since renumbered in 1925). But, if the provisions of ch. 24, Laws of 1929, could, by reason of the omission of that restrictive clause, which was formerly in sub. (7), be extended, by some possible construction, so as to be also applicable to causes of action which had theretofore accrued, then the legal effect of ch. 24, Laws of 1929, would be to repeal the six-year period of limitation within which an action at law to recover on causes of action for deceit, which had theretofore accrued, had to be commenced, and to provide a new period of time, which would be six years plus such time as elapses before the discovery of the fraud, even as to causes of action which had theretofore accrued. In that event, in so far as ch. 24, Laws of 1929, would in effect repeal the period of limitation, which had begun to run in 1924, on plaintiff's cause of action, the application of that limitation, as the result of the amendment by ch. 24, Laws of 1929, would be controlled by sec. 370.06, Stats., which provides:

"In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run unless such repealing act shall otherwise expressly provide."

Those provisions, although enacted in 1878, are applicable to all enactments by which the legislature makes any change of limitation without also expressly providing that the change shall apply to limitations and periods of time which have previously begun to run. (Revisor's note to sec. 4976, Stats. 1878, Wis. Annotations (1930), under sec. 370.06, Stats.) Consequently, as ch. 24, Laws of 1929, does not expressly provide that its provisions shall also apply to limitations and periods of time which had been in effect up to its enactment, and which had previously begun to run, secs. 4219, 4222, Stats. 1923, must by virtue of sec. 370.06, Stats., be held "to continue in force and effect and be operative to determine all such limitations and periods" in so far as plaintiff's cause of action against the defendants herein is concerned. The conclusion that sec. 370.06, Stats., is applicable even though the repeal of a period of limitation results merely by implication, because of the substitution of a longer limitation period for a formerly prescribed shorter period, is in accord with the decision in *Lotten v. O'Brien,* 146 Wis. 258, 260, 131 N. W. 361. In that case it was contended that sec. 370.06, Stats. (then numbered sec. 4976), did not apply to the amendment of sub. (5) of sec. 4222 by ch. 151, Laws of 1909, which enlarged the time within which notice of a claim to recover damages for a personal injury had to be served from one year to two years. That change was not made by the express repeal of the former provision, but was effected by a mere amendatory act, which was designated specifically as such. Nevertheless, this court then said:

"But we believe that in such case section 4976, Statutes of 1898 [370.06], which applies to all statutes, steps in and applies a rule that the limitation of one year having begun to run when the act of 1909 went into effect, and the latter act providing a new period of limitation, the former limitation statute is continued in effect as to such former acts."

It follows that, as plaintiff's cause of action had accrued on March 22, 1924, and as sub. (7) of sec. 330.19, Stats., as amended by ch. 24, Laws of 1929, is not applicable to that accrued cause of action, plaintiff's action thereon became barred by reason of secs. 4219, 4222, Stats. 1923, upon the expiration of six years after March 22, 1924. As this action was not commenced until in 1932, it cannot be maintained, and the learned circuit judge rightly sustained defendants' demurrer.

*By the Court.*—Order affirmed.