CHRISTY, Plaintiff and Appellant, v. SCHWARTZ, Defendant: COLUMBIA HOSPITAL, Defendant and Respondent.

*No. 83.  Argued January 4, 1971.—Decided February 2, 1971.*
(Also reported in 183 N. W. 2d 81.)

For the plaintiff-appellant there was a brief by *Petrie, Stocking, Meixner & Zeisig,* attorneys, and *John J. Romann* of counsel, all of Milwaukee, and oral argument by *Mr. Romann.*

For the defendant-respondent there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Robert C. Watson* of counsel, all of Milwaukee, and oral argument by *Mr. Watson.*

HEFFERNAN, J. The plaintiff asserts that the proper rule of law is the one recognized at the time his cause of action "accrues." While acknowledging that the doctrine of charitable immunity persisted until the mandate in *Kojis v. Doctors Hospital* (1961), 12 Wis. 2d 367, 107 N. W. 2d 131, 107 N. W. 2d 292, he takes the position that his cause of action accrued after that date. He contends it was only after his twenty-first birthday that he had the legal right to commence action for the injuries sustained in 1947. He relies on a series of cases which hold:

" 'A cause of action does not accrue until the party owning it is entitled to begin and prosecute an action thereon; it accrues at the moment when he has a legal right to sue on it and no earlier.' " *In re Estate of Hanlin: Killilea v. Douglas* (1907), 133 Wis. 140, 145, 113 N. W. 411.

Similar language is used in *Barry v. Minahan* (1906), 127 Wis. 570, 573, 107 N. W. 488.

The rule was recently properly applied in the case of *Holifield v. Setco Industries, Inc.* (1969), 42 Wis. 2d 750, 168 N. W. 2d 177. *Setco* was a products liability case, and it reached the conclusion that, although the negligent manufacture of a grinding wheel occurred a number of years earlier, the cause of action did not accrue until the grinding wheel disintegrated during use and caused injury. It was only then that a legal right to sue for injuries arose. The *Setco* situation is entirely unlike the cause of action alleged in the instant case. The pleadings herein show that the negligence and the injury were substantially contemporaneous, although their full effects may have been perceived only later. Basically, the plaintiff contends that, since during minority he was not *sui juris*, he did not have the right to enforce his claim and that, hence, the claim did not accrue. The very statute upon which plaintiff relies refutes this rationale. Sec. 893.33, Stats., in pertinent part, provides:

"**Persons under disability.** If a person entitled to bring an action mentioned in this chapter . . . be, at the time the cause of action *accrued*, either (1) Within the age of 21 years . . . the time of such disability is not a part of the time limited for the commencement of the action . . . ." (Emphasis supplied.)

Thus, the statute in question purports only to preserve a cause of action which has "accrued" at an earlier time during the period of disability. It in no way contemplates

that the legal consequences of the alleged acts shall be determined by the status of the law at the time the injured party reaches his majority rather than at the time of his injury. The statute merely suspends the running of the time within which a lawsuit must be commenced on a *valid* cause of action. It confers no rights in addition to that. The policy of the law is to protect infants and to assure that rights already accrued are not lost. The purpose is not to confer additional rights.

Although infancy precludes the commencement of an action in the infant's name alone, a cause of action on his behalf can nevertheless be pursued during infancy. Sec. 260.22, Stats., states:

"When a party to an action or proceeding is a minor . . . he must appear either by the general guardian . . . or by a guardian ad litem . . . ."

Under our statutory scheme, a minor has the right to sue immediately upon the completion of the tort, even though the action at that time must be commenced by a guardian appearing on his behalf.

In *Kojis* we very carefully considered the question of retroactively applying the rule abolishing the defense of charitable immunity and concluded that the new rule of liability (except for *Sunbursting* [1] the *Kojis Case* itself) should be prospective only (pp. 373, 374). This was on the theory that charitable institutions, prior to the mandate in *Kojis* had not thought it necessary to purchase liability insurance to protect against the acts of their agents or employees and that it would be unfair to subject them to an unanticipated liability. The plaintiff herein asks us to frustrate that carefully considered policy because he was a minor at the time of his injury. The policy considerations which impelled this court to make the rule of *Kojis* prospective only are as compelling

---

[1] *Great Northern Ry. v. Sunburst Oil & Refining Co.* (1932), 287 U. S. 358, 53 Sup. Ct. 145, 77 L. Ed. 360.

in the case of a minor as they were in the case of an adult. Judgment was properly entered for the defendant.

*By the Court.*—Judgment affirmed.