STATE EX REL. JOHNSON, Petitioner, V. HERSHMAN, Superintendent, Respondent.

*Argued August 15, 1972.—Decided September 6, 1972.*
(Also reported in 200 N. W. 2d 65.)

For the petitioner there was a brief by *Craig E. Miller* and *David E. Schultz,* Corrections Legal Services Program, Milwaukee, and oral argument by *Mr. Miller.*

For the respondent the cause was argued by *Richard J. Boyd,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

PER CURIAM. Ronald Johnson has petitioned this court for a writ of habeas corpus on the ground he became eighteen years of age on March 11, 1972, and therefore under ch. 213, Laws of 1971, he should be discharged from the custody of the respondent Roland C. Hershman, Superintendent of the Wisconsin School for Boys at Wales, Wisconsin.

Johnson was found delinquent on November 24, 1967, and custody was given to the department of health & social services and he is now confined at Wales. Ch. 213, Laws of 1971, became effective on March 23, 1972, and in effect substituted age eighteen for age twenty-one in many of the laws governing juveniles. One section so amended was sec. 48.53 (2), Stats. The construction of this section is the basic issue in this case. As amended, sec. 48.53 (2) [1] provides that children shall be discharged when they reach the age of eighteen. The state argues the amendment is prospective only and since Johnson was eighteen years of age at the time the law became effective he could not under the language of the statute "reach the age of 18" and therefore the amendment is not applicable to him.

This section provides an exception when a child need not be discharged upon reaching age eighteen by allowing the department to petition the court, which adjudged

---

[1] "(2) All children adjudged delinquent, whose legal custody has been transferred to the department, and who have not been discharged under sub. (1) shall be discharged when they reach the age of 18, except that the department may, in accordance with s. 54.32, petition the court which adjudged the person delinquent to retain legal custody of that person. Sections 54.33, 54.34 and 54.35 apply to such proceeding to retain legal custody."

the child delinquent, to retain legal custody of him in accordance with sec. 54.32, Stats. This latter section provides for the continuance of control by the department of those persons whose discharge it considers would be dangerous to the public because of the person's mental or physical deficiency, disorder or abnormality. In such a case, the department must make an order directing that the child remain subject to its control beyond the date when he becomes of age and must make an application to the committing court for a review of that order at least ninety days before the time the child would normally be discharged because of age.

It is argued that if the amendment is applicable to those children who became eighteen years of age prior to the effective date of the act, that the department would be foreclosed from making such an application to the court as the ninety days have expired. On the other hand, Johnson argues that while ch. 213, Laws of 1971, may be defective and harbors inconsistencies, nevertheless it applies to him and he is entitled to a discharge because he is eighteen years of age.

We do not read ch. 213, Laws of 1971, as intending it to be effective only for children becoming eighteen years of age after its effective date. We think a reasonable construction of sec. 48.53 (2), Stats., as amended, is that those children who were eighteen years of age at the time the act was passed are entitled to be discharged, but that the department has a right to petition the court, which had adjudged the child delinquent, for legal custody of that child if the department believes his discharge to be dangerous to the public because of his mental or physical deficiency, disorder or abnormality. The department therefore shall be given ninety days from the date of the rendering of this opinion in which to make an application under sec. 54.32; and upon failure to make such an application within such time, the peti-

tioner Ronald Johnson will be entitled to his discharge. Under this construction of sec. 48.53 (2), the petition for habeas corpus at this time is denied.