TRUESDALE, Plaintiff in error, v. STATE, Defendant in error.

*No. State 121. Submitted under sec. (Rule) 251.54 September 11, 1973.—Decided October 2, 1973.*
(Also reported in 210 N. W. 2d 726.)

[17] *Brown v. State* (1973), 59 Wis. 2d 200, 214, 207 N. W. 2d 602.

[18] *Id.* at page 214.

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Harold J. Lessner,* assistant attorney general.

CONNOR T. HANSEN, J. The facts are not in dispute as they relate to what we believe to be the principal and dispositive issue of this case. The issue presented is a question of law.

The defendant was alleged to have sold a dangerous drug to Kirk Livermore, age twenty, on October 9, 1971, contrary to sec. 161.30 (12) (f), Stats. 1969. He was arraigned on this charge and pleaded guilty on April 5, 1972. A presentence investigation was ordered. Judgment was entered and sentence imposed on May 19, 1972.

Ch. 213, sec. 5, Wisconsin Laws of 1971, became effective March 23, 1972, and provided in part, as follows:

"Wherever the term 'twenty-one years', '21 years' or '21' appear in the following sections of the statutes the term '18 years' is substituted: . . . 161.30 (12) (f), . . ."

In the instant case, the alleged offense took place before the effective date of the amendment of the statute, although the arraignment, entry of judgment and the imposition of sentence occurred after the effective date of the amendment.

The issue presented is whether the legislative change in the age of majority in the interval of time between the date of the alleged offense and the date of conviction deprives the trial court of jurisdiction to adjudge the defendant guilty.

Sec. 990.04, Stats., provides:

"**Actions pending not defeated by repeal of statute.** The repeal of a statute hereafter shall not remit, defeat or impair any civil or criminal liability for offenses committed, penalties or forfeitures incurred or rights

of action accrued under such statute before the repeal thereof, whether or not in course of prosecution or action at the time of such repeal; but all such offenses, penalties, forfeitures and rights of action created by or founded on such statute, liability wherefor shall have been incurred before the time of such repeal thereof, shall be preserved and remain in force notwithstanding such repeal, unless specially and expressly remitted, abrogated or done away with by the repealing statute. And criminal prosecutions and actions at law or in equity founded upon such repealed statute, whether instituted before or after the repeal thereof, shall not be defeated or impaired by such repeal but shall, notwithstanding such repeal, proceed to judgment in the same manner and to the like purpose and effect as if the repealed statute continued in full force to the time of final judgment thereon, unless the offenses, penalties, forfeitures or rights of action on which such prosecutions or actions shall be founded shall be specially and expressly remitted, abrogated or done away with by such repealing statute."

Contrary to what the defendant argues, we are of the opinion that the state did not waive its right to rely on sec. 990.04, Stats., as validating the present conviction. The issue presented on this review is a question of law, and the applicability of sec. 990.04 is properly before us. *State v. Conway* (1967), 34 Wis. 2d 76, 83, 84, 148 N. W. 2d 721.

The general rule at common law seems to have been that the repeal of a criminal statute indicated that the sovereign no longer desired the former crime to be punished and that all proceedings pending or subsequently instituted thereunder were nullified and no conviction pursuant thereto would be lawful. However, the application of the common-law rule to specific instances of retrospective operation of repeals and amendments of criminal statutes has varied considerably in the several jurisdictions.[1]

---

[1] 50 Am. Jur., *Statutes*, pp. 569, 571–573, secs. 568, 571–576, and 1973 Supp., p. 55, sec. 576.5. *See also:* 77 A. L. R. 2d, pp. 336, 364–366.

Wisconsin legislative history and case-law precedent have established the position of the state on the question of retrospective application of repealed and amended statutes. Our attention has been directed to *State v. Ingersoll* (1864), 17 Wis. 651 (*631), and *State v. Gumber* (1875), 37 Wis. 298, in support of the defendant's argument that we apply the common-law rule to the instant case and that, therefore, ". . . the repeal of a law creating an offense . . . sweeps away all penalties under it . . . ." *State v. Gumber, supra,* pages 301, 302.

Neither *Ingersoll* nor *Gumber* make any reference to the statutory predecessor of sec. 990.04, Stats., which was in effect at the time of these cases. Ch. 119, sec. 33 of the Revised Statutes of 1858, reads as follows:

"No action at law or criminal prosecution now pending, or which shall hereafter be commenced, founded upon any statute of this state, shall be defeated by a repeal of such statute; but any such action or prosecution shall proceed, to issue, trial, and final judgment, in the same manner and to the same purpose and effect, as though the statute upon which the same is or shall be founded was continued in full force, virtue, and effect to the time of such trial, issue, and final judgment."

However, in *Dillon v. Lindner* (1874), 36 Wis. 344, this court did construe the 1858 statute. An action had been brought in 1874 under a statute of 1872. The 1872 statute was repealed and re-created in a substantially different form, to take effect in the month between commencement and trial of the action. The statute had been so extensively changed that it could not be considered to have continued in force by virtue of re-enactment. The court then considered the effect of the 1858 statutes. The court strictly construed the statute as in derogation of the common law's "beneficent rule applicable to the repeal of penal statutes." *Dillon v. Lindner, supra,* page 353. It held the words of the statute referred only to saving proceedings and not causes of action and

construed the statute to be applicable only to the repeal of statutes giving new forms of remedy for old rights, or providing new modes of prosecution for offenses existing by law outside of the statute. The court conceded that if the action had gone to judgment before repeal, it would have been a vested right unaffected by the repeal.

Following this decision, the legislature enacted sec. 4974 of the Revised Statutes of 1878, which reads as the present sec. 990.04, Stats.[2] In *Halbach v. State* (1929), 200 Wis. 145, 150, 227 N. W. 306, this court stated:

". . . It would be difficult to use language which would more clearly express the legislative intent that causes of action, whether civil or criminal, should not be affected by the subsequent repeal of the statute creating the cause of action as distinguished from the right of action, unless rights accrued under the repealed statute are expressly abrogated by the repealing statute. . . ."

In *Halbach v. State, supra,* the appeal was pending when the prohibition laws were repealed—the charge being possession of privately distilled liquor. The court upheld the conviction.

Defendant submits that *Halbach v. State, supra,* is authority for a strict construction of sec. 990.04, Stats., and that the statute be construed to apply only to statutes which are repealed in the course of prosecution and not to statutes which were amended after the commission of the alleged act but before trial. We would observe that *Ingersoll, supra,* concerned an amendatory act and *Gumber, supra,* an amendment by repeal and re-creation with changes.

---

[2] *H. W. Wright Lumber Co. v. Hixon* (1899), 105 Wis. 153, 159, 80 N. W. 1110, 80 N. W. 1135; *Miller v. Chicago & N. W. Ry. Co.* (1907), 133 Wis. 183, 189, 113 N. W. 384; *Niesen v. State* (1966), 30 Wis. 2d 490, 494, 141 N. W. 2d 194.

In *Thom v. Sensenbrenner* (1933), 211 Wis. 208, 247 N. W. 870, this court construed a similar saving statute with respect to periods of limitations in repealed acts.[3] In that case, a statute had been changed so that restrictive wording was eliminated which changed the period of limitation in all fraud cases to six years after the discovery of the fraud instead of six years after the commission of the fraud. The court made it clear that an amendment to the statute, "was in its legal effect a repeal of those restrictive words," and indicated that the fact that the word "repeal" was not used, or that there was no expressed mention of any repeal was immaterial. "The use of the word 'repeal' in a new enactment is not at all necessary to accomplish the repeal of an existing statutory provision." *Thom v. Sensenbrenner, supra,* page 211.

Also, in *State v. Carmody* (1969), 44 Wis. 2d 33, 38–40, 170 N. W. 2d 818, although sec. 990.04, Stats., was not discussed, an amended statute was not given retroactive effect. The defendant was convicted of driving after revocation of his license. Between the time of the arrest and sentencing, the statute was amended to enlarge the term of the mandatory sentence. It was held that his mandatory sentence should have been imposed pursuant to the statute in effect at the time of his arrest.

---

[3] Sec. 370.06, Stats. 1933:

"**Repeal or change of law limiting time for bringing actions.** In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run unless such repealing act shall otherwise expressly provide."

*State ex rel. Johnson v. Hershman* (1972), 55 Wis. 2d 499, 200 N. W. 2d 65,[4] concerned the rights of juveniles who had been adjudged delinquent and committed prior to the statutory amendment. The amended statute reduced the mandatory discharge date from age twenty-one to age eighteen. This court, in applying the usual rules of construction, determined that the amended statute was to be applied retroactively as to those juveniles then in custody. Such a determination is not contrary to prior cases or in contradiction to the plain language of sec. 990.04, Stats. The language of sec. 990.04 preserves prior causes of action and penalties accrued where an amended statute was clearly not meant to operate retroactively, or where retroactive operation was precluded by constitutional due process or *ex post facto* restrictions, and where the common-law rule would have considered the prior penalty or crime repealed and no punishment could, therefore, be inflicted at all.

The state did not rely on sec. 990.04, Stats., when the postconviction motions were made because it was of the opinion that general principles of statutory construction as expressed in the Wisconsin cases indicated that the statute was not to have retroactive effect to abrogate the offense committed prior to the amendment. In *Department of Revenue v. Dziubek* (1970), 45 Wis. 2d 499,

---

[4] Sec. 48.53, Stats., provides: "**Duration of control over delinquents.** (1) All children adjudged delinquent, whose legal custody has been transferred to the department, shall be discharged as soon as the department determines that there is a reasonable probability that it is no longer necessary either for the rehabilitation and treatment of the child or for the protection of the public that the department retain legal custody.

"(2) All children adjudged delinquent, whose legal custody has been transferred to the department, and who have not been discharged under sub. (1) shall be discharged when they reach the age of 18, except that the department may, in accordance with s. 54.32, petition the court which adjudged the person delinquent to retain legal custody of that person. Sections 54.33, 54.34 and 54.35 apply to such proceeding to retain legal custody."

505, 173 N. W. 2d 642, this court repeated a quotation from a much earlier case to the effect that:

" ' "An amendatory statute, like other legislative acts, takes effect only from its passage, and will not be construed as retroactive or as applying to prior facts or transactions, or to pending proceedings, unless a contrary intention is expressly stated or necessarily implied." ' "

The language in sec. 990.04 requires a strong showing of intent. The intention cannot be found by implication but must be express. Once it is decided that an enactment was not meant to be retroactive, sec. 990.04 is necessary to prevent the operation of the old common-law rule that such an amendment worked a repeal of the prior offense or penalty and precluded conviction under the old statute.

Pursuant to the language of sec. 990.04, Stats., for an amendment to constitute a retroactive repeal of a prior statute, the repealing statute must "specially and expressly" abrogate the offense under the prior statute. The Age of Majority Act and the amended sec. 161.30 (12) (f) do not specifically and expressly abrogate the offense committed by the defendant prior to the effective date of the amendment.

We have considered the other issues raised by the defendant, and in our opinion they do not constitute grounds for reversal or remand, and a detailed discussion of them would be of no value as precedent.

*By the Court.*—Order affirmed.