FEEST, Appellant, v. ALLIS-CHALMERS CORPORATION, Respondent.

*No. 427. Submitted under sec. (Rule) 251.54 May 8, 1975.—
Decided June 3, 1975.*
(Also reported in 229 N. W. 2d 651.)

For the appellant the cause was submitted on the brief of *Phillips, Richards & Mayew* of Kenosha.

For the respondent the cause was submitted on the brief of *Borgelt, Powell, Peterson & Frauen,* attorneys, and *Joseph D. McDevitt* of counsel, all of Milwaukee.

CONNOR T. HANSEN, J. The issue raised in this appeal is whether the trial court erred in concluding that the action was barred by sec. 893.33, Stats., as amended by ch. 213, Laws of 1971 (hereinafter Age of Majority Act).

Sec. 893.33, Stats. 1967, provided in relevant part:

"893.33 **Persons under disability.** If a person entitled to bring an action mentioned in this chapter . . . be, at the time the cause of action accrued, . . .

"(1) Within the age of 21 years; . . .

" . . .

"(3) . . . the time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended . . . in any case longer than one year after the disability ceases."

This statute remained unchanged until it was amended on March 23, 1972, by the publication of ch. 213, Laws of 1971. Sec. 5 of that act substituted the term eighteen years for twenty-one years in the statute.

The facts in this case, as they relate to the defendant's motion for summary judgment, are undisputed.

The plaintiff's alleged injury occurred on September 17, 1968. At that time the plaintiff, born on May 5, 1951, was seventeen years of age. On the date of publication, plaintiff was twenty years of age, having attained the age of eighteen on May 5, 1969.

The instant action was commenced on April 18, 1973, eleven months after the plaintiff attained the age of twenty-one years, and thirteen months after the Age of Majority Act became effective.

The plaintiff contends that the amendment to sec. 893.33, Stats., does not or should not apply to causes of action which had accrued prior to the effective date of the Age of Majority Act. If correct, the plaintiff would have had one year from his twenty-first birthday, or until May 5, 1973, in which to commence his action.

The defendant contends, and the trial court so found, that plaintiff had one year from the effective date of the Age of Majority Act, or through March 22, 1973, to commence the action.

The plaintiff first contends that secs. 990.06 and 991.07, Stats., control and provide that the statute of limitations in effect at the time of cause of action accrued governs over subsequent revisions of that statute of limitations. Sec. 990.06 provides, in relevant part:

"**990.06 Repeal or change of law limiting time for bringing actions.** In any case when a limitation or period of time prescribed in any act which shall be repealed for the . . . barring of any remedy, . . . *shall have begun to run* before such repeal and the repealing act shall provide any limitation or period of time for such purpose,

such latter limitation or period shall apply only to such . . . remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which *shall have previously begun to run* unless such repealing act shall otherwise expressly provide." (Emphasis supplied.)

Sec. 991.07, Stats., in nearly identical language, provides, in relevant part:

"**991.07 Statutes of limitation.** In any case when a limitation or period of time prescribed in any act which is hereby repealed for . . . the barring of any remedy . . . *shall have begun to run* and a limitation or period of time for such purpose shall be prescribed in these revised statutes, the limitation or period prescribed by these statutes shall be held to apply only to such . . . remedies as shall accrue subsequently to the time when the same shall take effect; and the act repealed shall be held to continue in force and operative to determine all such limitations and periods of time, which *shall have previously begun to run,* unless in special cases in these revised statutes a different rule shall be prescribed." (Emphasis supplied.)

It is undisputed that the Age of Majority Act had no express provision to obviate the effect of these two statutes. It is, therefore, argued by the plaintiff that the time within which he could commence his action was governed by sec. 893.33, Stats., as it existed prior to amendment.

As we understand the plaintiff's arguments, it seems he would attain his majority with passage of the Age of Majority Act on March 23, 1972, at which time he was actually twenty years of age, for all purposes except the institution of this litigation. However, for the purpose of commencing this action, he would maintain his minority status until he reached the age of twenty-one on May 5, 1972.

The plaintiff appears to view the clause "shall have begun to run," contained in sec. 893.33, Stats., as relating to the full period provided in sec. 893.33, namely that period of minority disability remaining after the cause of action accrues, plus the one year after majority is attained.

We are of the opinion that the period of time during which the plaintiff is disabled due to his infancy tolls the running of the sec. 893.205, Stats. *Christy v. Schwartz* (1971), 49 Wis. 2d 760, 183 N. W. 2d 81. By the very terms of sec. 893.33, the disability period is not part of the time limited for the commencement of the action.

Secs. 990.06 and 991.07, Stats., are not designed to give a party a vested right to any existing period of limitation but merely state a rule of construction operative where the legislature has not expressly stated its intention and where it might be presumed that the expectations of the parties have been set by the partial expiration of the limitation period. The theory behind the rule, however, does not compel application of the statutes beyond their terms and to the facts of this case. Here, no part of the limitation period had expired when the statute was passed. The plaintiff, then twenty years of age, was still within the disability period, and still had one year to bring his action after the disability was removed as the amendment did not alter that time period.

The case of *Thom v. Sensenbrenner* (1933), 211 Wis. 208, 247 N. W. 870, does not require a different conclusion. That case involved an amendment which governed the accrual of a cause of action for fraud. By changing the date of accrual from the date of the occurrence of the fraud to the date of discovery of the fraud, the plaintiff was effectively given a longer period of time within which to commence his action. In holding the amendment

inapplicable to the plaintiff's existing cause of action under the predecessor to sec. 990.06, Stats., this court recognized that that statute reached effective alterations of the period of limitation as well as actual amendments to the period. The case is distinguishable, however, for the reason that the *limitation period* in the *Thom Case* was running on the date of the amendment whereas in the present case no part of the limitation period had expired because the *tolling period* was in effect on the effective date of the amendment.

Therefore, secs. 990.06 and 991.07, Stats., are not applicable to the present case for the reason that the relevant period of limitation barring the plaintiff's cause of action, had not begun to run on the effective date of the Age of Majority Act.

The plaintiff's second contention is that the legislature could not have intended the amendment accomplished by the Age of Majority Act to apply to existing causes of action held by persons between the ages of eighteen and twenty-one of the effective date of the enactment because that would result in an absurd and unconstitutional result. Thus, the plaintiff contends that if the amendment applies to him, his cause of action was barred more than a year prior to the effective date of the Age of Majority Act. This is said to be so because the plaintiff was eighteen years of age more than two years before the enactment became effective on March 23, 1972.[1]

The plaintiff's argument is based upon his election to construe the Age of Majority Act as removing his minority disability, not on the effective date of the act,

---

[1] *See: Shaurette v. Capitol Erecting Co.* (1964), 23 Wis. 2d 538, 128 N. W. 2d 34; *Swanke v. Oneida County* (1953), 265 Wis. 92, 60 N. W. 2d 756, 62 N. W. 2d 7; *Will of Bresnehan* (1936), 221 Wis. 51, 265 N. W. 93; *Osborn v. Jaines* (1863), 17 Wis. 592 (*573).

March 23, 1972, but on the plaintiff's eighteenth birthday, May 5, 1969. It is only such construction which compels the conclusion that the statute illogically and unconstitutionally barred the plaintiff's cause of action more than a year before the Age of Majority Act took effect.

The precise challenge made here was made by the plaintiff in *Arnold v. Davis* (Tenn. 1973), 503 S. W. 2d 100. There too the plaintiff was a minor at the time of his alleged accident but was over eighteen on the date Tennessee passed its new Legal Responsibility Act. That plaintiff also commenced his suit just prior to his twenty-second birthday but more than a year after the age of majority had been reduced to eighteen. The Tennessee Legal Responsibility Act and its provision relating to disability are identical in all relevant particulars to the Wisconsin counterparts. In affirming a lower court opinion which granted judgment to the defendant on the basis that the suit was untimely commenced, the Supreme Court of Tennessee stated, at pages 102, 103:

"We construe the Legal Responsibility Act of 1971 as removing the disabilities of minority of all persons 18 to 21 years of age on May 11, 1971, as of May 11, 1971, and from and after that date all persons reached their majority at age 18. This construction involves no retrospective application. . . Thus, the premise upon which plaintiff predicates his attack of unconstitutionality, to wit: that his disability of minority was retroactively removed on his 18th birthday, simply does not exist.

". . . As plaintiff concedes, no person has a vested interest in a statute of limitations in force at the time his cause of action accrues. . . Parenthetically, no person had a vested interest in remaining a minor until age 21, which is the position plaintiff seeks to sustain. As this court held in *Bradley, supra,* the period allowed for suit may be shortened, provided a reasonable time is permitted to bring the action. Plaintiff had a full year following May 11, 1971, as provided in T. C. A. § 28–304, within which to bring his personal injury action . . . ."

This court has similarly construed the Age of Majority Act as granting majority status to persons between the

ages of eighteen and twenty-one as of the effective date of the act. *State ex rel. Johnson v. Hershman* (1972), 55 Wis. 2d 499, 200 N. W. 2d 65 (Per Curiam opinion); *cf. Truesdale v. State* (1973), 60 Wis. 2d 481, 210 N. W. 2d 726.

Additional reasons exist for not giving the Age of Majority Act a retrospective construction as to granting majority status. First, absent language to the contrary, it is generally presumed that an act is to apply prospectively only. *Swanke v. Oneida County, supra,* page 99. Also, as the plaintiff himself points out, if the Age of Majority Act is construed to retrospectively grant majority status, it would raise substantial doubts as to its constitutionality, vis-a-vis sec. 893.33, Stats. Such constructions are to be avoided. *Swanke v. Oneida County, supra,* pages 99, 103.

Prospective construction of the Age of Majority Act, however, does not support, but rather defeats, the plaintiff's argument as the *Arnold Case, supra,* points out. To conclude that the Age of Majority Act does not retrospectively grant majority status is not to conclude that sec. 893.33, Stats., as amended, does not apply to existing causes of action. It means that as of the effective date of the Age of Majority Act, persons between the age of eighteen and twenty-one were relieved of their minority disability status and had one year from that date to bring an action. The one-year period within which an action could be brought after disability ends, as established by sec. 893.33 (3), is applicable to the amendment which changed the disability period from twenty-one years to eighteen years. In so applying the statute there is no violation of the rule that a legislature cannot actually or effectively shorten the period within which suit must be brought unless a reasonable period following the enactment is given to sue upon existing causes of action. *Shaurette v. Capitol Erecting Co., supra; Swanke v. Oneida County, supra.*

We are of the opinion that the trial court's conclusions that the plaintiff's minority disability was removed as of March 23, 1972, and that the plaintiff had a reasonable time from that date (one year) within which to commence suit, are correct.

*By the Court.*—Judgment affirmed.