RYAN, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*December 16, 1898 — January 10, 1899.*

*Railroads: Killing of stock: Notice: Condition precedent: Amendment of statutes.*

1. A person whose stock is killed by a railroad train is not relieved from the necessity of giving notice of the place of the injury, as required by ch. 202, Laws of 1893, by the fact that some of the officers or employees of the railroad company knew where they were killed. Such a notice is a condition precedent to the maintenance of an action therefor.

2. The notice in such a case must point as directly and plainly to the place as is reasonably practicable under the circumstances. A notice which applies equally to any point within three miles is not reasonably certain.

3. The amendment to ch. 202, Laws of 1893, by sec. 1816b, Stats. 1898, does not apply to a case where rights were fixed before its enactment.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This is an action to recover damages for the killing of three horses by the defendant's railroad train on the evening of the 13th or the morning of the 14th of July, 1895, said horses having strayed upon the defendant's right of way by reason of the fence being down. The defendant's railroad runs north and south through sections 1, 11, and 36, in the town of Summit, and section 18, town 33, range 11, both in the county of Langlade. The plaintiff lived on section 5, town 34, range 10, and had a pasture, which was unfenced, on the S. W. ¼ of the S. E. ¼ of section 1, town 34, range 10. The plaintiff turned his horses out into this pasture on the evening of the 13th of July. It appears by the testimony that the horses went south from the pasture a mile and a half, and went upon the track at a place where the fence had been open since the 24th of June, which was in section 18, town 33, range 11.

On the 15th of July, 1895, the plaintiff wrote and sent to the claim agent of the defendant railroad the following letter: "Dear Sir: I had three horses killed by the limited train on Chicago & Northwestern Railroad, in T. 33, R. 11 E. I have a pasture on S. 1, T. 33, R. 11, and which I keep my stock in. They strayed out, and went south, and the fence of the railroad was open, and the horses went on the track. This fence is on the west side of railroad. The fence was down on the 9th of July, when I passed there. It was also down June 25th, when Mr. John Miller passed it. There are two gates on east side,— one which has been down about all summer, and the other one for a month. Now there are several places where stock may pasture. My claim for three horses is as follows: One mare, seven years old, weight 1,550, $175.00; one horse, four or five, weight 1,695, $175.00; one bay mare, eight years, weight 1,420, $100.00,— $450.00."
On the 29th of July he also sent to the superintendent of

the defendant another letter, containing the following sentences: "Dear Sir: On Saturday, July 13, or on the morning of July 14th, I had three horses killed by the limited train, which I reported to the claim agent at Chicago, and asked for a reply, and have received no answer. I wrote the claim agent July 15, 1895, stating the condition of fence and how the horses got on the railroad track." On the 4th of September the plaintiff's attorneys sent the defendant a letter containing the following paragraph: "Dear Sir: *Phil Ryan*, of Summit Lake, Wisconsin, has left with us for collection a claim against your company for the sum of four hundred and fifty dollars ($450.00). The sum is for the killing by one of your passenger trains, during the month of July, 1895, of four horses. The negligence of the company consisted in having their *fences down and destroyed at different places along the road where the horses got upon the track.*"

The evidence showed that the plaintiff's horses were killed upon the railroad track, but a verdict for the defendant was directed by the court because the notice required by ch. 202, Laws of 1893, had not been given, and from judgment upon this verdict the plaintiff appeals.

For the appellant there were briefs by *Bouck & Hilton*, attorneys, and *Eaton & Weed*, of counsel, and oral argument by *M. H. Eaton.*

For the respondent there was a brief by *Fish, Cary, Upham & Black*, and oral argument by *John T. Fish.*

Winslow, J. The notice required to be given by ch. 202, Laws of 1893, was a condition precedent to the maintenance of the action. *Weed & Gumaer Mfg. Co. v. Whitcomb, ante,* p. 226. Such notice must state the "time and place" where such damage occurred. Laws of 1893, ch. 202. This means that "it must point as directly and plainly to the place of the injury as is reasonably practicable, having regard to its character and surroundings." *Weber v. Greenfield,* 74 Wis.

234; *Sowle v. Tomah*, 81 Wis. 349. The fact that some of defendant's officers or employees may have known where the damage occurred is not material, nor will such knowledge dispense with the necessity of giving the prescribed notice. *Sowle v. Tomah, supra.* The letters which constitute the notice in the present case fail to state where the horses were run over with any degree of certainty. It is stated that they were killed in town 33, range 11. The railroad runs for a distance of about three miles through town 33, range 11, and a notice which applies equally to any place within a distance of three miles cannot be said to be reasonably certain.

The amendment to ch. 202, *supra*, which was added in the Statutes of 1898, and appears as the last paragraph of sec. 1816*b* of the Statutes of 1898, does not apply to this case, because it was passed after the rights in this action became fixed, and it is unnecessary to construe it.

*By the Court.*— Judgment affirmed.