ESTATE OF VAN SCHAICK: VAN SCHAICK, Appellant, vs. VAN SCHAICK and others, Respondents.

*December 1—December 30, 1949.*

*Kenneth L. Swanson* of Ellsworth, attorney, and *C. H. Bentley* of Red Wing, Minnesota, of counsel, for the appellant.

*R. Wilbur Brookshaw* of Ellsworth, and *Milton I. Holst* of Red Wing, Minnesota, for the respondents.

MARTIN, J. It is clear that the petitioner could only be relieved from the legal impediment created by her first marriage by a divorce which had the legal effect of removing the impediment. Under the law of 1909, a final judgment was required in order to have that effect. She would only be free to marry again after final judgment, which could not be entered before the expiration of one year from the interlocutory judgment. See *Dallmann v. Dallmann* (1915), 159 Wis. 480, 149 N. W. 137. Obviously, since petitioner did not secure a final judgment in the divorce proceedings against Johnson Clinger, there could not be a common-law marriage between the petitioner and decedent prior to the death of her first husband, Johnson Clinger, in 1937, and the marriage between Allie Lester and petitioner in 1924, would be null and void.

It is conceded that the residence of petitioner and decedent since 1935 was in Wisconsin. Common-law marriages were abolished in Wisconsin in 1917 and, therefore, petitioner can claim no common-law marriage in Wisconsin.

Petitioner contends that a common-law marriage was established in Texas as petitioner and decedent lived and held each other out to the public as husband and wife and met every requirement of a common-law marriage in the state of Texas during the several months out of several

different years between 1940 and 1947 that they vacationed in that state.

It is unnecessary for us to discuss this contention for sec. 245.04, Stats., provides:

"If any person *residing and intending to continue to reside in this state* who is disabled or prohibited from contracting marriage under the laws of this state shall go into another state or country and there contract a marriage prohibited and declared void by the laws of this state, such marriage shall be null and void for all purposes in this state with the same effect as though such prohibited marriage had been entered into in this state."

Since petitioner and decedent were residents of the state of Wisconsin, the above statute applies. Petitioner was not the wife of decedent during his lifetime and is not entitled to any rights as widow and heir in A. D. Van Schaick's estate.

*By the Court.*—Judgment affirmed.