Harry J. Chap v. Commissioner.
Chap v. Commissioner
Docket No. 88997.
United States Tax Court
T.C. Memo 1964-26; 1964 Tax Ct. Memo LEXIS 309; 23 T.C.M. (CCH) 132; T.C.M. (RIA) 64026; February 4, 1964
Harry J. Chap, pro se, 921 N. Marshall St., Milwaukee, Wis. Denis J. Conlon, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax for the calendar years 1957 *310 and 1958 in the amounts of $147.83 and $104.35, respectively. The issue for decision is whether petitioner and Grace Kohl (also known as Grace Cole, Grace Gibson, and Grace Chap, and hereinafter referred to as Grace) were entitled to file a joint Federal income tax return as husband and wife for the calendar years 1957 and 1958. Findings of Fact Most of the facts have been stipulated and are found accordingly. Harry J. Chap (hereinafter referred to as petitioner) for each of the years 1957 and 1958 filed with the district director of internal revenue at Milwaukee, Wisconsin, a joint Federal income tax return under the name of Harry J. Chap and Grace A. Chap. In addition to wages received by petitioner in each of these years, there were included on each of the returns wages received by Grace in the total amounts of $515.96 and $636.65 for the years 1957 and 1958, respectively. In 1947 Grace was convicted of a felony in the State of Wisconsin and sentenced to life imprisonment. In 1952, her sentence was commuted and she was paroled. On October 10, 1955, Grace, who as a parolee from the Wisconsin State Home for Women, was under the supervision of the State Department of Public *311 Welfare of the State of Wisconsin, requested permission to enter into a marriage with petitioner. The State Department of Public Welfare of the State of Wisconsin, under its rules and regulations, required that a parolee under its supervision obtain permission to marry from that department. On the form requesting permission to marry petitioner, Grace indicated that she had been previously married but that her spouse was deceased. On the basis of that information and petitioner's representation to the State Department of Public Welfare of the State of Wisconsin that he had not been previously married, that department granted Grace permission to marry petitioner. On October 14, 1955, a marriage ceremony between petitioner and Grace was performed in Waukegan, Illinois, and thereafter they lived as husband and wife until December 1958 when the Department of Public Welfare of the State of Wisconsin found that Grace had contracted an earlier marriage and there was no record of the dissolution of that marriage. Petitioner and Grace then separated upon being ordered to do so by the Department of Public Welfare. Petitioner continued to contribute to Grace's support until about mid-January *312 1959 when the Department of Public Welfare of the State of Wisconsin took action to force Grace's first husband to contribute to her support. Grace was married to Benjamin Kohl approximately 32 years prior to the date of the performance of the marriage ceremony between her and petitioner. When Benjamin Kohl and Grace separated he announced his intention to secure a divorce and Grace assumed at the time of her marriage to petitioner that Benjamin Kohl had done so inasmuch as he had remarried and begun to raise a family. On March 31, 1959, Benjamin Kohl received a divorce from Grace in the Circuit Court of Milwaukee County, State of Wisconsin, thereby dissolving the state of marriage which had existed between them. Petitioner received a letter dated October 15, 1959 from a probation and parole agent of the Division of Corrections, State Department of Public Welfare of the State of Wisconsin which stated in part as follows: We received your letter of October 11th relative to correspondence from Grace. We are not sure which name she is using now. However, we do not see how we can force her to refrain from using the name Chap, when under a legal opinion which we have received, *313 her marriage to you is legal unless it is challenged by one of you in a court of law. We would like to point out that, while she is in the institution, we have no authority over her. If you have further questions, you may want to write to Mrs. Marcia Simpson, Superintendent, Wisconsin Home for Women, Box 33, Taycheedah, Wisconsin. On March 24, 1961, petitioner filed a complaint against Grace for annulment of marriage in the Circuit Court of Milwaukee County of the State of Wisconsin, in which he alleged in part as follows: That on the 14th day of October, 1955, the plaintiff was in form married to the defendant in the City of Waukegan, State of Illinois; that he and the said defendant cohabited together as husband and wife until the 7th day of December, 1958, since which time the plaintiff has remained away and absent from said defendant and that said plaintiff and said defendant did not after said date of the 7th day of December, 1958, live together as husband and wife. That on or about the 28th day of September, 1925, the said defendant married one Benjamin Kohl, also known as Ben Cole, at the City of Minneapolis, State of Minnesota, and that said marriage continued until *314 the 31st day of March, 1959, when the same was dissolved by a judgment of divorce granted to the said husband, Ben Cole, by the Circuit Court of said Milwaukee County, Wisconsin, and being action # 279-501 of said Court. That at the time of the supposed marriage of the plaintiff and defendant on the 14th day of October, 1955, as aforesaid, the plaintiff believed that the said defendant was a single unmarried person legally capable to enter into a contract of marriage. That ever since the granting of said decree of divorce aforesaid on the 31st day of March, 1959, in favor of said Ben Cole as plaintiff and against said Grace Cole, as defendant, she being the defendant in this action, the plaintiff, Harry J. Chap, and said defendant, Grace Chap, also known as Grace Cole, Grace Kohl, and Grace Gibson, have not cohabited together or lived together in any manner and particularly within the meaning of Section 245.35, and now Section 245.24 of the Wisconsin Statutes.
That by reason of the foregoing matters the said defendant, Grace Chap, also known as Grace Cole, Grace Kohl, and Grace Gibson, was wholly incapable of entering into a valid contract of marriage with the plaintiff herein, *315 and the purported marriage between the parties is wholly void. On January 22, 1961, the Circuit Court of Milwaukee County, State of Wisconsin, entered a Decree of Annulment of the marriage of petitioner and Grace which stated in part as follows: That the said marriage between the plaintiff [petitioner] and the defendant [Grace] heretofore solemnized between them on the 14th day of October, 1955, be and the same is hereby declared wholly null and void from the beginning and the parties are forever freed from the obligations thereof. Petitioner in his petition alleges that respondent erred in taxing him as a single person instead of a married person in the calendar years 1957 and 1958. Opinion Petitioner's first argument is that the respondent is unjust and unfair in taxing him as a single man when he married Grace in good faith after Grace had obtained the permission of the State Department of Public Welfare of the State of Wisconsin to enter into the marriage. It is petitioner's contention that he is an innocent victim of circumstances, that he incurred the legal expenses of a married man and that the State of Wisconsin has not taken the same action that the respondent *316 has taken. Petitioner's second contention is that Grace and her first husband each remarried without the benefit of divorce, [1] presuming the other dead and therefore petitioner should be treated as though in fact Grace's first husband was dead at the date of petitioner's marriage to her, under title 14, section 502 of the Code of the District of Columbia. [2]
*317 A joint return may be filed under section 6013 of the Internal Revenue Code of 1954 only by a husband and wife. Parties living together as husband and wife but not legally married because of some impediment to a legal marriage on the part of one party are not entitled to file a joint income tax return. Ruth Borax, 40 T.C. 1001 (1963); John J. Untermann, 38 T.C. 93 (1962); Albert Gersten, 28 T.C. 756 (1957) affd. 267 F. 2d 195 (C.A. 9, 1959). Even though petitioner married Grace under the mistaken belief that her former marriage had been dissolved and they were in a position to be legally married, he is not entitled to file a joint return with Grace unless in fact they were legally husband and wife during the years involved. From the evidence it is clear that they were not. A decree of the Circuit Court of Milwaukee County, State of Wisconsin, declared the marriage wholly null and void from the beginning. Chapter 245.03 of the Wisconsin Statutes provides, "(1) No marriage shall be contracted while either of the parties has a husband or wife living, * * *". If a woman who has not been properly divorced from *318 her husband purports to marry another man while her husband is still living, under the laws of Wisconsin, the second marriage is null and void. In re: Van Schaick's Estate, 256 Wis. 214, 40 N.W. 2d 588 (1949). The letter of October 15, 1959, received by petitioner from a probation and parole agent of the State Department of Public Welfare of Wisconsin refers to the fact that under a "legal opinion which we have received, her [Grace's] marriage to you is legal unless challenged by one of you in a Court of law." The letter does not state from whom the "legal opinion" was received or the basis of such opinion. From other information in the record there is an indication that the basis of the opinion was that petitioner and Grace were legally married from and after March 31, 1959, the date on which Benjamin Kohl obtained a divorce from Grace. Even if this were the correct interpretation of Wisconsin law, it would not cause petitioner and Grace to be legally married in the years 1957 and 1958. Under Wisconsin law, petitioner's purported marriage to Grace was void from its inception and no subsequent event could make that purported marriage valid while Grace was under a legal *319 disability to marry. Williams v. Williams, 63 Wis. 58, 23 N.W. 110 (1885), In re: Van Schaick's Estate, supra.Cf. Ex parte Soucek, 101 F. 2d 405 (C.A. 7, 1939). Had petitioner and Grace continued to live together as husband and wife after March 31, 1959, under chapter 245.35 of the Wisconsin Statutes, they might have been held to be legally married from and after March 31, 1959, but not prior thereto. However, the evidence shows that petitioner and Grace did not live together as husband and wife after Benjamin Kohl obtained a divorce from Grace on March 31, 1959. Therefore, chapter 245.35 of the Wisconsin Statutes is inapplicable to petitioner for this reason, irrespective of whether the other conditions therein set out are applicable. Petitioner makes no argument that the laws of Illinois should govern with respect to his marriage, but it is likewise clear that petitioner and Grace were not legally married under the laws of the State of Illinois during the years 1957 and 1958. Under Illinois law a second marriage is void and not merely voidable where either party to it has a husband or wife from whom he or she has not been divorced living *320 at the time the marriage is performed. Jardine v. Jardine, 291 Ill. App. 152, 9 N.E. 2d 645, 651 (1937), and Gordon v. Gordon, 141 Ill. 160, 30 N.E. 446, 450 (1892). In determining whether a legal marriage exists between parties, the law of the State with jurisdiction over the marriage controls. Marriner S. Eccles, 19 T.C. 1049 (1953), affirmed per curiam 208 F. 2d 796 (C.A. 4, 1953). It is unnecessary that we discuss petitioner's second contention with respect to presumption of death since the following fact is stipulated in this case: Grace Kohl was originally married to Benjamin Kohl approximately thirty-two years prior to her marriage to Harry J. Chap, the petitioner herein. When Benjamin Kohl and Grace Kohl separated, Benjamin Kohl announced his intention to secure a divorce and Grace Kohl assumed at the time of her marriage to Harry Chap that Benjamin Kohl had done so inasmuch as Benjamin Kohl had remarried and begun to raise a family. The evidence shows that Grace stated in her application to the Department of Public Welfare of the State of Wisconsin for permission to marry petitioner that she had been previously *321 married but that her spouse was deceased. However, this does not establish the fact that either petitioner or Grace had assumed or presumed Grace's husband to be deceased. The stipulated facts show that Grace assumed that her husband had obtained a divorce from her. Therefore, the evidence in this case does not establish that petitioner was injured by the presumption of death of a person found to be living and it is unnecessary to discuss further petitioner's contention in this respect. Decision will be entered for respondent. Footnotes
1. There was received in evidence by agreement of the parties a newspaper clipping entitled, "Asks a Divorce After 33 Years and Remarriage", which contained the following statement: "Cole told a reporter that after hearing nothing from his wife for seven years - the legal waiting time before presuming a person dead - he remarried." ↩
2. Title 14, secs. 501 and 502 of the District of Columbia Code provide as follows: If any person shall leave his domicile without any known intention of changing the same, and shall not return or be heard from for seven years from the time of his so leaving, he shall be presumed to be dead, in any case where his death shall come in question, unless proof be made that he was alive within that time. (Mar. 3, 1901, 31 Stat. 1230, ch. 854, sec. 252.) If the person so presumed to be dead be found to have been living, any person injured by such presumption shall be restored to the rights of which he shall have been deprived by reason of such presumption. (Mar. 3, 1901, 31 Stat. 1230, ch. 854, sec. 253.)↩