DEPARTMENT OF REVENUE, Appellant, v. DZIUBEK and
wife, Respondents.

*No. 36. Argued January 5, 1970.—Decided February 3, 1970.*
(Also reported in 173 N. W. 2d 642.)

500

501

For the appellant the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the briefs was *Robert W. Warren,* attorney general.

For the respondents there was a brief by *Reuter, Murphy & Nichols* and *Laurence H. Nichols,* all of Milwaukee, and oral argument by *Laurence H. Nichols.*

WILKIE, J. A single issue is dispositive of this appeal: Does sec. 71.03 (1) (g), Stats., as amended in 1963, require that an individual taxpayer, in computing a capital gain for income tax purposes, adjust his cost basis of an asset acquired in 1950 and sold in October, 1963, by deducting the amount of depreciation he would have been allowed to deduct on his income tax returns for the years prior to 1963, even though he took no such deductions on those returns?

It is clear that prior to the 1963 amendment to sec. 71.03 (1) (g), Stats., the law in Wisconsin required that a capital gain be computed from the cost or other basis of the asset, diminished by the amount of any deductions *allowed* for depreciation of the asset for Wisconsin

income tax purposes.[1] In other words, a taxpayer could minimize a capital gain by not taking depreciation deductions on his annual returns and thereby preserve a higher basis for the asset. If the taxpayer took no depreciation deduction over the years, no depreciation was allowed; thus, the basis for the asset did not have to be reduced.

It is equally clear that in 1963 sec. 71.03 (1) (g), Stats., was amended to require that, in computing a capital gain from the sale of property, the cost or other basis of the property sold shall be diminished for wear and tear by an amount "not less than the amount allowable under all Wisconsin income tax laws." This amendment provided for an effective date of August 1, 1963. Thus, after this amendment, even if the taxpayer did not take a depreciation deduction on his property, nevertheless when he came to sell it, his capital gain on the property would be computed as if he had deducted the amount allowable for depreciation and thus the basis for the asset would be reduced by this much.

While this may be all very clear, it does not answer the central question presented by this case: What about the taxpayer who for several years prior to 1963 does not take a depreciation deduction which is perfectly permissible under the then existing law, and subsequently sells his property after August 1, 1963? In other words, was this amendment intended to have retrospective effect, so as to require the taxpayer to deduct from the basis of the asset, the amount of depreciation which could have been but was not required to have been deducted prior to 1963?

In one respect, it is apparent that the amendment was not, nor was it intended to be, retroactive, inasmuch as no one argues that it was intended to apply to sales of

[1] *See State ex rel. Laycock v. Nygaard* (1928), 195 Wis. 192, 217 N. W. 685, 218 N. W. 98.

assets completed prior to August 1, 1963. However, here the resort was sold on October 26, 1963, almost three months after the effective date of the amendment.

It cannot be seriously doubted that the legislature has the power to pass tax laws with retrospective effect.[2] However, the question here is not whether the imposition of a retroactive tax is constitutionally permissible but rather whether this amendment was intended to be retroactive in the first instance.

In attempting to determine the legislative intent in passing this amendment to sec. 71.03 (1) (g), Stats., resort to extrinsic sources is not of much aid here. This amendment was part of the budget bill passed by the 1963 legislature. The Senate Journal for 1963 indicates that this particular provision first appeared as sec. 5 of Senate Amendment No. 1 to the Assembly Substitute Amendment No. 2 to Senate Bill No. 615-S.[3] There is nothing in the files relating to this bill at the legislative reference bureau to indicate what the legislature intended when it passed this provision.

The department contends that the statute in question is clear on its face that it applies to the instant situation. If this is true then the above discussion regarding the dearth of extrinsic sources indicating legislative intent is superfluous in view of this court's well-established rule that it will not seek secondary sources of legislative intent where the meaning of the statute is plain and unambiguous.[4]

But, on the other hand, the taxpayers contend that the statute in question is not plain and unambiguous. In

---

[2] See generally Welch v. Henry (1938), 305 U. S. 134, 59 Sup. Ct. 121, 83 L. Ed. 87; see also Milliken v. United States (1931), 283 U. S. 15, 51 Sup. Ct. 324, 75 L. Ed. 809.

[3] Page 1663.

[4] West Side Bank v. Marine Nat. Exchange Bank (1968), 37 Wis. 2d 661, 155 N. W. 2d 587; see also Miller v. Wadkins (1966), 31 Wis. 2d 281, 142 N. W. 2d 855; State v. Caruso (1969), 44 Wis. 2d 696, 172 N. W. 2d 195.

support of this position the taxpayers argue that the department tacitly recognized this when it promulgated a rule made effective on March 1, 1965, to implement the statute. The rule provided at that time, in part:

"Tax 2.74 **Gain or Loss on Disposition of Property; Adjustments to Basis (Section 71.03 (1) (g), Wis. Stats.)**

". . .

"(2) . . . A taxpayer is not permitted to take advantage in a later year of his prior failure to take any such allowance or his taking an allowance plainly inadequate under the known facts in prior years. . . ."

The trial court in referring to this rule said:

"While tax laws at times do impose a tax retroactively, when so done, the tax statute involved must be clear, decisive and not allow for any other interpretation. We do not so read sec. 71.03 (1) (g). For it is here proven that the legislative act is not so clear nor decisive since the agency had to interpose its implementation by the adoption of a rule."

But this rule was not adopted until 1965 and is of no consequence in this appeal. However, the taxpayers and the trial court are correct in saying that the statute is not clear and unambiguous. The statute says nothing about a sale of an asset held over a period prior to the 1963 amendment, stretching to a later time. It is unclear as to its retrospective effect. Under such circumstance we believe that the 1963 law should not be given retrospective effect. One reason for this conclusion is the canon of construction, which provides:

" 'An amendatory statute, like other legislative acts, takes effect only from its passage, and will not be construed as retroactive or as applying to prior facts or transactions, or to pending proceedings, unless a contrary intention is expressly stated or necessarily implied.' " [5]

[5] *Dallmann v. Dallmann* (1915), 159 Wis. 480, 486, 149 N. W. 137, quoting from Black, *Interpretation of Laws* (2d ed.), p. 584, sec. 170.

In the instant statute no contrary intention is expressly stated nor does one seem to be necessarily implied.

Furthermore, this court has held that after an act is amended, the original act continues in force with regard to all rights that had accrued prior to such amendment.[6]

The department asserts that the taxpayers rely on the *Nygaard Case*,[7] as giving them a vested right in the method of electing to reduce the basis of an asset by deducting depreciation. The department cites *Sehtam Corp. v. Commissioner of Internal Revenue*[8] for the proposition that:

". . . a taxpayer can have no vested right that the basis shall not be changed by a later statute. . . ."[9]

However, this court in dealing with an analogous situation of the effect of a repeal of a statute has said that the general rule is:

" 'The repeal of a statute does not operate to impair or otherwise affect rights which have been vested or accrued while the statute was in force. . . .
" '*Even where no question of vested rights is involved,* the presumption is that repeal of a statute does not invalidate the accrued results of its operative tenure, and it will not be thus retroactively construed as undoing accrued results if not clearly required by the language of the repealing act.' "[10]

Thus, in the instant situation we do not construe the 1963 amendment to the statute as requiring a taxpayer to reduce the basis for this asset held prior to August

---

[6] See *Ryan v. Chicago & Northwestern Ry.* (1899), 101 Wis. 506, 77 N. W. 894; *see also Estate of Riley* (1959), 6 Wis. 2d 29, 94 N. W. 2d 233; *Waddell v. Mamat* (1955), 271 Wis. 176, 72 N. W. 2d 763; *Building Height Cases* (1923), 181 Wis. 519, 533, 195 N. W. 544.

[7] *Supra,* footnote 1.

[8] (2d Cir. 1942), 125 Fed. 2d 655.

[9] *Id.* at page 656.

[10] *Waddell v. Mamat, supra,* footnote 6, at page 182.

1, 1963. To do so would be to abrogate the taxpayer's choice not to depreciate without the benefit of a clear indication that this is what the legislature intended.

*By the Court.*—Order affirmed.