WISCONSIN DEPARTMENT OF REVENUE,
Petitioner-Appellant,

v.

MILWAUKEE MUTUAL INSURANCE COMPANY, Respondent.

Court of Appeals

*No. 81–434. Submitted on briefs November 11, 1981.—*
*Decided December 23, 1981.*
(Also reported in 314 N.W.2d 920.)

For the petitioner-appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Daniel D. Stier,* assistant attorney general.

For the respondent the cause was submitted on the brief of *Paul A. Pakalski, Michael T. Hart,* and *John F. Emanuel* of *Whyte & Hirschboeck, S.C.,* of Milwaukee.

Before Decker, C.J., Moser, P.J., and Randa, J.

DECKER, C.J. This appeal involves the attempted imposition of Wisconsin's corporation franchise tax on income earned before the tax became effective. We conclude that the taxing statute's use of the terms "federal taxable income," "net income," and "federal income tax" creates ambiguity, and affirm rejection of the attempted taxation in this case.

Section 71.01, Stats., provides in part:

(2) Franchise tax on corporations. . . . The tax imposed by this subsection on insurance companies subject to taxation under this chapter . . . shall be based on net income computed under sub. (4), and no other provision of this chapter relating to computation of taxable income for other corporations shall apply to such insurance companies. All other provisions of this chapter shall apply to insurance companies subject to taxation under this chapter unless the context clearly requires otherwise. . . . .

(4) Insurers. (a) Insurers subject to taxation under this chapter . . . , beginning with calendar year 1972 and thereafter, shall be taxed on the basis of net income. Such tax shall first be payable on or before March 15, 1973, and thereafter under s. 71.10 (1). "Net income" of an insurer subject to taxation under this chapter means federal taxable income as determined in accordance with the provisions of the internal revenue code applicable to the insurer with respect to determination of federal income tax payable by the company, adjusted as follows: [Adjustments 1–10 listed.]

Milwaukee Mutual Insurance Co. (Milwaukee Mutual) is an insurance company subject to taxation under ch. 71, Stats. In 1974 it reported on its federal income tax return income which it had earned in prior years but had deferred in an I.R.C. sec. 824 reserve account. It is undisputed that $359,708.34 of the amount reported in 1974 as deferred income was earned before 1972, the first year insurance companies became subject to Wisconsin's corporation franchise tax.

The Wisconsin Department of Revenue (Department) seeks to tax this amount earned before 1972, and argues that because federal taxable income can and does include income earned in other years, sec. 71.01(4)(a), Stats., by reference to "federal taxable income," authorizes the Department to tax income earned before 1972.

The Wisconsin Tax Appeals Commission (Commission) concluded that sec. 71.01, Stats., did not allow taxation of income earned before 1972, and the circuit court affirmed, according great deference to the Commission's expertise and adopting the Commission's decision *in toto*.

■

The Commission grounded its decision upon *Department of Revenue v. Dziubek,* 45 Wis. 2d 499, 505, 173 N.W.2d 642, 645 (1970), holding that retroactive application of a tax is not to be presumed to have been intended and requires from the terms of the statute an express intent or necessary implication of intent to apply the tax retroactively.

Although the Department contends that the applicable statute is unambiguous and requires no statutory construction, it argues, inconsistently, we believe, that legislative intent compels the conclusion that retroactive application of the tax is necessarily implied from the terms of the statute. By such an argument the Department seeks to confine this court to a statutory construction

that supplies legislative intent to apply the statute retroactively. We reject such a convoluted contention.

Self-evidently, the statute does not expressly state the intention of the legislature to apply the tax retroactively. This brings us to the question of whether the terms of the statute "necessarily imply" legislative intent to apply the tax retroactively.

Section 71.01(4), Stats., provides that the tax on insurance companies is based upon net income and defines net income as "federal taxable income" as determined by the pertinent internal revenue code. The Department claims that "federal taxable income" is an unambiguous term that should be given its ordinary and accepted meaning. We disagree.

Statutory ambiguity exists when it is capable of being understood by reasonably well-informed persons in two or more senses. *City of Milwaukee v. Lindner*, 98 Wis. 2d 624, 632, 297 N.W.2d 828, 832 (1980). The point to be made about ambiguity of the statute is that when ambiguity exists, it cannot be said that the statute "necessarily implies" retroactive application.

We have considered the opinions in *First National Bank v. Bair*, 252 N.W.2d 723 (Iowa 1977); and *Fremont Mutual Insurance Co. v. State*, 252 N.W.2d 837 (Mich. Ct. App. 1977); *Taxation & Revenue Department v. F. W. Woolworth Co.*, 624 P.2d 28 (N.M. 1981), which demonstrate the diversity of views about the applicable tax base for computation under similar statutes that purport to utilize federal taxable income as a measure of tax base liability.

If those opinions do not effectively illustrate the ambiguity inherent in the tax base described in this statute, we consider that the statute's qualifications do.

Section 71.01(4)(a), Stats., adjusts the term "federal income tax" in ten provisions. Provision 10 states that

federal taxable income is to be adjusted "[b]y subtracting any net business loss carry-forward permissible under s. 71.06, but no loss incurred by any insurer in 1971 or any prior year may be carried forward . . . ." We believe that denial of exclusion of pre-1972 net business losses raises the question of whether the legislature intended to correspondingly deny inclusion of pre-1972 net business income. This lack of decisive legislative intent leads us to the conclusion that the statute is ambiguous as to its application to income earned before 1972.

When the legislature imposes a tax, it must do so in clear and express language, and ambiguity and doubt must be resolved in favor of the putative taxpayer. *Transamerica Financial Corp. v. Department of Revenue,* 56 Wis. 2d 57, 64–65, 201 N.W.2d 552, 555 (1972) ; *City of Plymouth v. Elsner,* 28 Wis. 2d 102, 106, 135 N.W.2d 799, 802 (1965). The Commission's conclusion is not contrary to the law. Accordingly, we affirm.

*By the Court.*—Judgment affirmed.